**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

AURORA D. COLEMAN PLAINTIFF

v. 4:26-cv-00342-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Aurora Coleman, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Ms. Coleman could perform jobs that exist in the economy in substantial numbers, despite her impairments. (Tr. 10-27.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is very young – only twenty-nine years old. (Tr. 227.) She attended special education classes but is a high school graduate. (Tr. 232.) She has no past relevant work. (Tr. 25.)

The ALJ[1] first found Ms. Coleman had not engaged in substantial gainful activity since her application date of January 11, 2024. (Tr. 12.) She has "severe" impairments in the form of seizure disorder, right shoulder dysfunction, depressive disorder, anxiety disorder, and

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

posttraumatic stress disorder. (*Id.*) The ALJ found Ms. Coleman did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 12-15.)

The ALJ determined Plaintiff had the residual functional capacity (RFC) to:

> . . . perform a full range of work at all exertional levels but with the following nonexertional limitations: Only occasional overhead work with the right upper extremity. She must take the necessary seizure related precautions such as not working around hazards like unprotected heights or dangerous moving mechanical parts, no driving or operating heavy industrial equipment, and no ladders ropes or scaffolds. She can understand and remember simple instructions. She can sustain attention and concentration to complete simple tasks within customary workplace breaks. The claimant can use judgment to make simple work-related decisions. She can interact frequently with supervisors, and only occasional interaction with coworkers and the general public. She can tolerate occasional changes in a routine work setting.

(Tr. 15.)

The ALJ used the services of a vocational expert to consider available jobs for a hypothetical person with Plaintiff's RFC. (Tr. 65-72.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of marker, routing clerk, and collator operator. (Tr. 26.) Accordingly, he found Ms. Coleman was not disabled. (Tr. 27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ failed to evaluate her conversion disorder[3] under Listing 12.07. (Doc. No. 8 at 5-8.) She says, "Coleman's [Psychogenic

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

[3] "Conversion disorder is a phenomenon in which a person actually and subjectively experiences symptoms, such as nonepileptic seizures, without a known underlying medical cause." *Nowling v. Colvin*, 813 F.3d 1110, 1113 (8th Cir. 2016).

Nonepileptic Seizures] cannot medically equal Listing 11.02 [Tr. 13] because the regulations explicitly state that they must be considered under Listing 12.07, and yet that Listing was not considered in this case." (*Id.* at 6.) For the following reasons, I find any error to be harmless.

The ALJ considered Ms. Coleman's seizures under Listing 11.02. (Tr. 13-15.) "Primary headache disorder is not a listed impairment in the Listing of Impairments . . . [but] [e]pilepsy (listing 11.02) is the most closely analogous listed impairment for an [medically determinable impairment] of a primary headache disorder." Social Security Ruling 19-4p. Considering Listing 11.02, the ALJ concluded, "Both of the latter two seizure types must result in a marked limitation in one of five areas: physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself. Here, the evidence does not support the requirements of the listing." (Tr. 13.)

Listing 12.07 provides:

12.07 Somatic symptom and related disorders (see 12.00B6), satisfied by A and B:

A. Medical documentation of <u>one</u> or more of the following:
   1. Symptoms of altered voluntary motor or sensory function that are not better explained by another medical or mental disorder;
   2. One or more somatic symptoms that are distressing, with excessive thoughts, feelings, or behaviors related to the symptoms; or
   3. Preoccupation with having or acquiring a serious illness without significant symptoms present.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
   1. Understand, remember, or apply information (see 12.00E1).
   2. Interact with others (see 12.00E2).
   3. Concentrate, persist, or maintain pace (see 12.00E3).
   4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1.

In evaluating Plaintiff's seizures, the ALJ - without providing details – specifically

considered physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself when rejecting Listing 11.02. (Tr. 13.) These are also the B criteria of Listing 12.07. But more importantly, when considering Listings 12.04, 12.06, and 12.15, the ALJ addressed the "paragraph B" criteria in a detailed fashion, (Tr. 12-15), and concluded, "Because the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied." (Tr. 15.) As the Commissioner points out in his brief, the "paragraph B" criteria are the same for Listings 12.04, 12.06, 12.15 *and 12.07*. (Doc. No. 12 at 5-9.) So, any error was harmless given the ALJ's thorough consideration and finding that Plaintiff failed to satisfy the "paragraph B" criteria.

A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). For a claimant to show that her impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.* The claimant must provide *medical findings* that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(emphasis added). For the reasons recited by the ALJ, (Tr. 12-15), this she has not done.

Ms. Coleman also argues that the ALJ's mental RFC is flawed for a number of reasons. (Doc. No. 8 at 8-12.) Plaintiff clearly suffers from some level of mental limitation. I am sympathetic to her claims. But most of the objective evidence cuts against Plaintiff's claim she is incapable of working. While Plaintiff has provided examples of treatment notes reporting Plaintiff was in mild to moderate distress, (Doc. No. 8 at 9), at the same time, those notes often also reported

she had "normal mood and affect and [was] active and alert. Orientation: to time, place, and person. Memory: recent memory normal and remote memory normal." (*e.g.* Tr. 467, 478, 489.) And many other objective examinations revealed nothing disabling. (Tr. 368, 371, 375, 502-03, 511, 547-48, 549, 583, 596-97, 611-12, 626, 633, 647, 671, 672, 742, 782-83, 792, 816-17.)

The treatment records from Stephen Burger Counseling are Plaintiff's most compelling evidence to support her claim of mental impairment. (Tr. 1189-1212, 1265-1285.) But the ALJ discounted Mr. Burger's assessment of severe functional impairment. Specifically, the ALJ reported, "Approximately one month after the psychological CE, the claimant's presentation with Mr. Burger on intake in December 2024 paints a completely different picture. Mr. Burger indicates her functional status is severely impaired, but that is not consistent with her reports and presentation one month prior at the CE." (Tr. 22.) The ALJ's determination here is supported by substantial evidence. (Tr. 1152-1159.)

Ultimately, to reverse this matter would require me to reweigh the evidence and reach a different conclusion. *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022)). The law precludes the Court from doing this.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas*

*v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

I have carefully considered Plaintiff's additional arguments, including the ALJ erred in evaluating her subjective symptoms, that I find are without merit. (Doc. No. 8 at 12-16.) The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. *Ross v. O'Malley*, 92 F.4th 775, 779 (8th Cir. 2024).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 23rd day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE